# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# OWENSBORO DIVISION

### CIVIL ACTION NO. 4:06-CV-118

**CLARENCE RICHARD HOLTZCLAW**                                   **PLAINTIFF**

**V.**

**TVA BOARD OF DIRECTORS**                                            **DEFENDANT**

### MEMORANDUM OPINION AND ORDER

This matter is before the Court upon a motion by the Defendant for summary judgment. (DN 16). . Fully briefed, this matter is ripe for decision. For the following reasons, the Defendant's motion is **GRANTED**.

### I. FACTS

Plaintiff Clarence Holtzclaw claims that the Defendant TVA Board of Directors ("TVA") violated his rights under the Age Discrimination in Employment Act ("ADEA") by failing to hire him for four different positions at TVA's Paradise Fossil Plant ("Paradise") in Muhlenberg County, Kentucky which were filled between July 15, 2003 and October 1, 2004. The four positions at issue are:

1. Electrical Technician Trainee (position advertised December 2002; selection made September 2003)

2. Mechanical Technician Trainee (position advertised December 2002; selection made September 2003)

3. Maintenance Coordinator (position advertised June 2004; selections made on or about October 2004)

4. Maintenance Supervisor (position advertised April 2004; selection made on or about October

2004).[1]

As to the first two positions, the Plaintiff believes that TVA did not interview him for these two positions because he had previously filed an age discrimination claim against TVA with the EEOC. The Plaintiff claims that he was not selected for the last two positions - Maintenance Coordinator and Maintenance Supervisor - because of his age (54) and because he had filed the previous EEO complaint.

**A. The Electrical and Mechanical Technician Trainee Selections**

From 2001 until February 1, 2004, TVA's Staffing and Recruiting (S & R) organization in Chattanooga, Tennessee, maintained a database of active resumes submitted to TVA by individuals seeking craft trainee positions. During that time, resumes of individuals seeking craft trainee positions "remain[ed] active for one year" from the date of receipt by S & R. When craft trainees were needed at a particular fossil plant, plant management would notify S & R, and S & R would query the computer database for qualified individuals who had an active resume and who lived within 60 miles of the particular plant. The list of qualified individuals identified by the database would then be sent to the plant for consideration.

On October 30, 2002, the one-year active period for Plaintiff's resume, which was entered into the S & R database on October 31, 2001, expired. The Plaintiff was referred for the only craft trainee interview held during the active period of his resume - the Paradise SGPO interview in March 2002. The Plaintiff was interviewed for this position, but not selected, and he then filed the aforementioned EEO complaint on June 25, 2002 alleging that his non-selection was the result of

---

[1] In its initial brief, TVA also stated that the Plaintiff had alleged that it had violated his rights under the ADEA by failing to hire him for a 2004 Student Generating Plant Operator (SGPO) position. However, in his Response, the Plaintiff stated that he had made no such claim. (DN 19, Plaintiff's Response, p. 2).

age discrimination.[2]

On December 10, 2002, TVA advertised that it was seeking to hire Electrical and Mechanical Technician Trainees at Paradise. When asked to refer candidates, S & R queried its computer database for qualified individuals with active resumes living within 60 miles of Paradise. Because Plaintiff had not submitted a resume since October 30, 2001 (and had not otherwise submitted an application for these positions), the computer database did not identify him, and, thus, his name was not on the list of qualified candidates that S & R provided to Paradise for consideration.

According to the Plaintiff, however, after he was not selected for the 2002 SGPO position, he was told by an individual from TVA's Human Resource Department on April 2, 2002 that she would continue to "source" the Plaintiff to the Paradise plant for positions for which he was qualified and she did not indicate that Plaintiff would need to resubmit his resume to remain eligible for these positions. The email the Plaintiff received from this individual stated: "I will still source you to the plant for the other positions you are qualified for (Mechanical Tech, Electrical Tech, and Instrument Mechanic) when positions in those areas become available. Paradise plans on having a class for mechanical tech and electrical tech sometime late this fall or early next year." (DN 19, Attach. 2, Exhibit 2). And, although TVA claims that they sent the Plaintiff a letter informing him that his resume would remain active for only one year from the date it was submitted, the Plaintiff claims that he never received any such notification. Finally, the Plaintiff notes that even though he did not have active resume on file when these positions were first advertised, TVA knew that he was interested in these positions because he sent a letter on March 29, 2003 which stated his desire to be interviewed "each and every time an opening in any one of the four Training Programs becomes available." (DN

---

[2]This court dismissed that lawsuit based on the Plaintiff's "fail[ure] to show that the TVA's decision not to hire him was in any way related to age." Holtzclaw v. McCullough, No. 404-CV-81, 2005 WL 152816, *6 (W.D. Ky. July 13, 2005).

3

19, Attach. 2, Ex. 1).[3]

## B. The Maintenance Coordinator Position

In June 2004, TVA advertised vacancies internally and externally for Maintenance Coordinator positions at Paradise. Because an adequate number of qualified internal candidates applied for the vacant positions, the Maintenance Manager, who was the selecting official, determined that it was unnecessary to consider external applicants and he canceled his request to S&R to supply a list of external candidates for consideration. This decision comported with TVA's written employment policies which provide: "In general TVA promotes or transfers current employees, if they are well-qualified, rather than hiring candidates from the outside" and "[TVA] will consider employees before considering non-employees to fill vacant salary policy positions." (DN 16, Stewart Decl., ¶ 13, Ex. D, TVA Employment Practice 2; Id., Ex. E, TVA Employment Policy Number 9). Thus, the Maintenance Manager, who was the selecting official, did not receive a list of external candidates and did not consider any external candidates, including the Plaintiff.

Further, the Maintenance Manager testified that he did not learn that the Plaintiff had previously filed an ADEA complaint until after his selections were made on or about October 2004. (DN 16, Attach. 14, Craig Aff., p. 10).

## C. The Maintenance Supervisor Position

In 2004, TVA posted vacancies internally and advertised vacancies externally for Maintenance Supervisor positions at Paradise. Plaintiff applied for the Maintenance Supervisor Position.

The minimum qualifications for the Maintenance Supervisor position included a bachelor's

---

[3] The Defendant argues that the exhibits submitted by the Plaintiff should not be considered by the Court because have not been properly authenticated. However, the Court need not consider this issue, because it finds that even if considered, the documents do not create a genuine issue of material fact so as to preclude summary judgment.

4

degree in technical field and three years of supervisory experience in power plant maintenance and operations or five years of experience in power plant maintenance and operation, two of which must be in a supervisory capacity. (DN 16, Stewart Decl., ¶ 15, Ex. G, H, I).

The Maintenance Manager at Paradise was also the selecting official for this position. He reviewed the applications of the 16 candidates to determine which ones met the minimum qualifications to be interviewed. Based on his review of the Plaintiff's resume, the Maintenance Manager determined that Plaintiff did not meet the minimum requirements for the position since the Plaintiff had no power house experience; no experience with rotating or high-voltage equipment; and no power plant supervisory experience. (DN 16, Attach. 14, Craig Aff., p. 6-7, 9).

The Maintenance Manager selected three persons for the Maintenance Supervisor positions. At the time they were selected for the positions, one selectee was 55 years old and two were 46 years old.  The Plaintiff was 57 years old at the time.

In his Response, the Plaintiff admits that he was not qualified for this position.

## II. LEGAL STANDARD

In order to grant a motion for summary judgment, the Court must find that the pleadings, together with the depositions, interrogatories and affidavits, establish that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. The moving party bears the initial burden of specifying the basis for its motion and of identifying the portion of the record which demonstrates the absence of a genuine issue of material facts. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  Once the moving party satisfies this burden, the non-moving party themselves thereafter must produce specific facts demonstrating that a genuine issue of fact exists for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).

Although the Court must review the evidence in the light most favorable to the non-moving party, the non-moving party is required to do more than simply show that there is some

"metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Co., 475 U.S. 574, 586 (1986). The Rule requires the non-moving party to present "specific facts showing there is a genuine issue for trial." Fed. R. Civ. P. 56(e). "The mere existence of scintilla of evidence in support of the [non-moving party's] position will be insufficient, there must be evidence on which the jury could reasonably find for the [non-moving party]." Anderson, 477. U.S. at 252.

### III. ANALYSIS

#### A. Retaliation under the ADEA

The Plaintiff contends that he was not selected for any of the above-mentioned positions because he had previously filed an age discrimination claim against TVA with the EEOC. The ADEA prohibits an employer from "discriminat[ing] against any of his employees . . . because such individual . . . has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or litigation under this [Act]." 29 U.S.C. § 623(d). A plaintiff in an ADEA action may establish retaliation either by introducing direct evidence of retaliation or by proffering circumstantial evidence that would support an inference of retaliation. Imwalle v. Reliance Med. Prods., 2004 Fed. App. 0066P, *20 (6th Cir. 2004). When a plaintiff presents only circumstantial evidence, the court uses the McDonnell Douglas evidentiary framework to assess the claim of discrimination. Id. Within this framework, the plaintiff has the initial burden to establish retaliation by showing that : 1) the plaintiff engaged in protected activity; 2) the plaintiff's exercise of the protected activity was known by the defendant; 3) thereafter, the defendant took an employment action adverse to the plaintiff; and 4) there was a causal connection between the protected activity and the adverse employment action. Id., see also DiCarlo v. Potter, 358 F.3d 408, 420 (6th Cir. 2004). "The burden of establishing a prima facie case in a retaliation action is not onerous, but one easily met." DiCarlo, 358 F.3d at 420 (quoting Nguyen v. City of Cleveland, 229 F.3d 559, 563 (6th Cir. 2000). "Once a prima facie case is established, the burden of producing some non-discriminatory reason falls upon the defendant." Id.

(quoting Williams v. Nashville Network, 132 F.3d 1123, 1131 (6th Cir. 1997). "If the defendant demonstrates such, the plaintiff then assumes the burden of showing that the reasons given by the defendant were a pretext for retaliation" and that the "the real reason for the employer's action was intentional retaliation." DiCarlo, 358 F.3d at 420; Imwalle at *21.

**1. Electrical and Mechanical Technician Trainee Positions**

With regard to these positions, TVA argues that it is entitled to summary because the Plaintiff cannot establish a prima facie case of retaliation since he has not presented evidence that there is a causal connection between his protected conduct and the fact that he was not interviewed. The Court agrees that the Plaintiff has not clearly satisfied this element of his prima facie case. However, even assuming that he had satisfied this threshold requirement, he has not created a triable issue of fact regarding the legitimacy of the non-discriminatory reason TVA did not select the Plaintiff for these positions. According to TVA, the Plaintiff was not interviewed (and not selected) for these positions because he did not have an active resume on file with TVA when S&R sent the list of qualified candidates to Paradise. While the Plaintiff has presented evidence of a misunderstanding between the Plaintiff and TVA as to whether it was necessary for the Plaintiff to resubmit his resume to remain eligible for these positions, especially since the Plaintiff sent TVA a letter expressing his interest in said positions, the Plaintiff has presented no evidence from which a jury could reasonably infer that his name was not on the list of applicants sent to Paradise *because* he had previously filed an ADEA complaint with the EEOC. See, e.g. Butts v. McCullough, 237 Fed Appx 1, 7 (6th Cir. 2007)(where defendant offered a legitimate, non-discriminatory basis for not referring the plaintiff for a position - namely that it had a rule of granting a preference for non-retirees in making referrals - the court held plaintiff's evidence that the rule was unwritten and one with which he was not familiar did not demonstrate that the rule was pretextual). Rather, the evidence indicates that the Plaintiff's name was not on the list because he had not properly followed TVA's application procedure by

maintaining an active resume. Thus, the Court concludes that TVA is entitled to judgment as a matter of law on this claim.

### 2. The Maintenance Coordinator Position

With respect to this position, TVA argues that even if the Court assumes that the Plaintiff has made out a prima facie case of retaliation, TVA has produced a non-discriminatory reason for not selecting the Plaintiff and the Plaintiff has not established that this reason is a pretext for retaliation. Again, the Court agrees. Although the position was initially advertised both internally and externally, TVA has explained that it did not consider any external candidates, including the Plaintiff, in light of TVA's internal hiring preference policy, since an adequate number of qualified internal candidates applied for the position. Thus, because the Plaintiff has failed to show that TVA's internal hiring preference was a "sham" used to disguise retaliation, the Court concludes that the TVA is entitled to summary judgment on this claim.

### 3. The Maintenance Supervisor Position

With regard to this position, the Court concludes that TVA is entitled to summary judgment because even if the Plaintiff had established a prima facie case of retaliation, TVA has proffered a legitimate, non-discriminatory reason for not selecting the Plaintiff for this position by establishing that the Plaintiff did not have the minimum qualifications for the position. And, indeed, instead of suggesting that proffered reason was simply a pretext for discrimination, the Plaintiff states that TVA "concluded - rightly so- that the Plaintiff was not totally qualified for the 'Maintenance Supervisor" position." (DN 19, Plaintiff's Response, p. 2).

### B. Age Discrimination under the ADEA

The Plaintiff also seems to claim that one of the reasons he was not hired for either the Maintenance Supervisor or Maintenance Coordinator positions was because of his age. Age discrimination claim under the ADEA, like retaliation claims under the ADEA, are analyzed under

8

the same framework as employment discrimination cases under Title VII. See, e.g., Grosjean v. First Energy Corp., 349 F.3d 332, 335 (6th Cir. 2003). To establish a discrimination claim under Title VII, a plaintiff must produce either direct or circumstantial evidence of discrimination. Grizzell v. City of Columbus Div. of Police, 461 F.3d 711, 719 (6th Cir. 2006)(citing DiCarlo v. Potter, 358 F.3d 408, 414 (6th Cir. 2004)). If the plaintiff attempts to prove discrimination by circumstantial evidence, courts apply the McDonnell Douglas burden-shifting framework. Id. In this paradigm, the plaintiff must first establish a prima facie case of age discrimination. The prima facie elements of an ADEA failure-to-hire claim are as follows: (1) the plaintiff was at least 40 years old at the time of the alleged discriminatory act; (2) the plaintiff applied and was rejected; (3) the plaintiff was otherwise qualified for the position; and (4) after the plaintiff was rejected, a substantially younger person was hired for the job. See, e.g., Walcott v. City of Cleveland, 123 Fed. Appx. 171, 177-78 (6th Cir. 2005); Morris v. Chattanooga Hous. Auth., 2008 U.S. Dist. LEXIS 6004, *20 (6th Cir. 2008). If the plaintiff establishes a prima facie case of discrimination, the burden then shifts to the defendant "to articulate some legitimate non-discriminatory reason for the defendant['s] action." Grizzell, 461 F.3d at 720 (citing DiCarlo, 358 F.3d at 414). If the defendant meets this burden, the plaintiff must prove that "the legitimate reasons offered by [the defendant] were in fact a pretext for discrimination." Id. A plaintiff establishes pretext by showing that the reason offered by the defendant: (1) has no basis in fact; (2) did not actually motivate the decision not to hire the plaintiff; or (3) was insufficient to warrant the decision not to hire the plaintiff. Id. (citing Zambetti v. Cuyahoga Cmty. College, 314 F.3d 249, 258 (6th Cir. 2002)).

**1. Maintenance Coordinator Position**

With regard to the Maintenance Coordinator position, even if the Court were to hold that the Plaintiff had established a prima facie case of age discrimination, TVA has proffered a legitimate non-discriminatory reason for not hiring the Plaintiff - namely that it followed TVA's standard

employment practice of promoting or transferring qualified internal candidates when possible - and the Plaintiff has not produced sufficient evidence to suggest that this stated reason was a pretext for discrimination.

### 2. Maintenance Supervisor Position

As to the Maintenance Supervisor position, the Court holds that TVA is entitled to judgment as a matter of law because the Plaintiff has not established a prima facie case of age discrimination. In his Response, the Plaintiff admitted that was not qualified for the position. (DN 19, Plaintiff's Response, p. 2). Additionally, one of the individuals hired for this position was 55 years old at the time and the Plaintiff was 57. The Sixth Circuit has held that an age difference of six years or less between the Plaintiff and the selected individual is not significant, Grosjean, 349 F.3d at 340, and even though the two other individuals offered the position were "substantially younger" than the Plaintiff (46 years old), the fact that one was not serves to negate the inference that age was a factor in the selection process. The Court concludes, therefore, that TVA is entitled to judgment as a matter of law on this claim as well.

### IV. CONCLUSION

For the foregoing reasons, the Defendant's motion for summary judgment is **GRANTED**. **IT IS SO ORDERED.**

cc: Counsel of Record